IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　No. CR 05-1569 RB

**PEDRO PEREZ,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Perez's Pro Se Request for Jail Time Credit (Doc. 54), filed on December 17, 2008. Plaintiff filed a response in opposition to this motion on March 13, 2009. Having considered the submissions of the parties, relevant law, and being otherwise fully informed, the Court finds that Defendant's motion should be denied.

**I.    Background.**

On July 21, 2005, Defendant was charged with Count 1 - conspiracy to commit possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C.§ 846; and Count 2 possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), and aiding and abetting, in violation of 18 U.S.C. § 2. (Doc. 1.) On October 7, 2005, the Court issued a writ or habeas corpus ad prosequendum that directed state authorities to deliver Defendant to federal custody on October 20, 2005. (Doc. 19.) Defendant's federal initial presentment was held on October 20, 2005. (Doc. 21.) On January 10, 2006, Defendant pleaded guilty to Count 2 of the indictment. (Doc. 41.) Defendant was sentenced to 120 months imprisonment on June 14, 2006. (Doc. 47.)

In the instant motion, Defendant alleges that the Bureau of Prisons ("BOP") has not credited

him with time spent in jail prior to the imposition of sentence.

Plaintiff responds that, according to BOP records, Defendant was technically in state custody on his parole violation until March 17, 2006. (Pl. Ex. A, Doc. 56-2.) Due to the fact that Defendant's Judgment is silent as to his federal sentence running concurrent to his state sentence, the BOP presumes the sentence is to run consecutive. Based on this assumption, the BOP computed Defendant's federal time to begin on March 17, 2006, and not on October 19, 2005. Plaintiff states that, in order for both sentences to run concurrent, Defendant needs to petition the BOP for review under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).

**II.     Discussion.**

Defendant has not cited any authority for the requested relief. Calculation of a federal prisoner's sentence and any determination regarding his eligibility for credit prior to custody is governed by 18 U.S.C. § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). A district court has no authority to compute or award credit for time served; rather, the Attorney General, through the BOP, has the power to grant sentencing credit in the first instance. *Wilson*, 503 U.S. at 334; *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

In *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), the BOP refused to designate a state institution as a federal facility and the defendant had exhausted his administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Barden*, 921 F.2d at 483-84. The court in *Barden* granted petitioner relief under § 2241 to have the BOP consider his application for nunc pro tunc designation of the state facility as place of confinement for his federal sentence. *Id.*

Similarly, Defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. *See, Jenkins*, 38 F.3d at 1144; *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). Unless and until Defendant

seeks administrative review with the BOP, this Court is without jurisdiction to award Defendant credit for time served.

## III.     Conclusion.

While the Court would be inclined to run the sentences concurrently, it is without jurisdiction to grant credit for time served based on Defendant's Pro Se Request for Jail Time Credit. Defendant's request is, therefore, denied without prejudice to his ability to seek judicial review after he has exhausted administrative remedies.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Perez's Pro Se Request for Jail Time Credit (Doc. 54), filed on December 17, 2008, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**